# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1450V

| | |
|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | |
| VAHAN ELOYAN, | **UNPUBLISHED** |
| Petitioner, | |
| v. | Special Master Katherine E. Oler |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Filed:  January 27, 2020 |
| | Interim Attorneys' Fees and Costs |
| Respondent. | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | |

*Elizabeth Muldowney*, Sands Anderson, PC, Richmond, VA, for Petitioner.
*Camille Collett*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On September 21, 2018, Vahan Eloyan ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] alleging that he suffered from transverse myelitis as a result of either the flu vaccination ("Fluarix") and/or tetanus toxoid, reduced diphtheria toxoid and acellular pertussis ("Tdap") vaccinations he received on December 14, 2015.  Pet., at 1, ECF No. 1.

On July 11, 2019, Petitioner filed his application for interim attorneys' fees and costs, requesting a total of $7,162.38.  Fees App., ECF No. 17.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Respondent filed a response to Petitioner's application on July 23, 2019. Fees Resp., ECF No. 19. Respondent states that "[n]either the Vaccine Act nor Vaccine Rule 13 requires [R]espondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds that he "defers to [me] to determine whether or not petitioner has met the legal standard for an interim fees and costs award." *Id.* at 2. Further, Respondent "leaves it to [my] discretion to determine whether the statutory requirements for an award of attorney's fees and costs are met in this case." *Id*. Respondent did not raise any specific objection with respect to reasonable basis or good faith. *See generally* Fees Resp.

For the reasons discussed below, I hereby **GRANT IN PART** Petitioner's application and award a total of **$7,145.80** in interim attorneys' fees and costs.

I.   **Legal Standard**

   *A. Interim Attorneys' Fees and Costs*

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Human Servs.,* 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). In *Cloer*, the Federal Circuit noted that "Congress made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. *Avera* did not, however, define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera*, 515 F.3d; *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Human Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Even though it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated these criteria as possible factors in a flexible balancing test. *Avera*, 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that a petitioner has brought his petition in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Human Servs*, 105 Fed. Cl. 148 (2012), at 154; *Friedman v. Sec'y of Health & Human Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Human Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Human Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by a

2

petitioner's counsel. *Kirk*, 2009 WL 775396, at *2.  Referring to *Avera*, former Chief Special Master Golkiewicz in *Kirk* found that "the general principle underlying an award of interim fees was clear: avoid working a substantial financial hardship on petitioners and their counsel." *Id*.

### B. Good Faith and Reasonable Basis

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Human Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Such a requirement is a "subjective standard that focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996).  Thus, so long as a petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Human Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

It is incumbent upon petitioners to "affirmatively demonstrate a reasonable basis," which is an objective inquiry. *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297, 305 (2011); *Di Roma*, 1993 WL 496981, at *1.  When determining if a reasonable basis exists, many special masters and judges employ a totality of the circumstances test.  The factors to be considered under this test may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289 (2018).  This "totality of the circumstances" approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Human Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim.  *Id*.  Instead, the claim must at least be supported by objective evidence -- medical records or medical opinion.  *Sharp-Roundtree v. Sec'y of Health & Human Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).  The evidence presented must be "sufficient to give the petitioner a reasonable expectation of establishing causation." *Bekiaris v. Sec'y of Health & Human Servs.*, No. 14-750V, 2018 WL 4908000, at *6 (Fed. Cl. Spec. Mstr. Sep. 25, 2018).  Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Id*.

The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis because the petitioner could not meet the burden of proof needed to establish reasonable basis." *Chuisano v. United States*, 116 Fed. Cl. 276, 286 (2014).  In rationalizing its decision, the *Chuisano* court highlighted the ruling in *Austin* as an example of a petition that minimally crossed the required evidentiary threshold. *Id*. at 292, citing *Austin v. Sec'y of Health and Human Servs.,* No. 10-362V, 2013 WL 659574, at *8 (Fed. Cl. Spec. Mstr. Jan. 31, 2013).  In that case, the special master found reasonable basis where only a single notation by a medical provider linked the alleged injury to

the vaccination. *Austin*, 2013 WL 659574, at *8. Still, the Court in *Chuisano* emphasized the totality-of-the-circumstances test, and stated that "[a]n evidentiary standard may serve as an excellent guidepost in fee decisions, but it cannot serve as the bright-line threshold. Such a rigid position is at variance with the flexible structure of the [V]accine [P]rogram." *Chuisano,* 116 Fed. Cl. at 287. While the statute does not define the standard for reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Id*.

## II.   Discussion

### A.  *Undue Financial Hardship*

The parties are still in the early stages of litigation, as Respondent is currently preparing a Rule 4(c) Report. However, Petitioner's counsel has left the Rawls Law Group ("RLG") and joined the firm, Sands Anderson, PC. Fees App. at 2. Ms. Muldowney is requesting fees for the time and expenses expended at RLG, and not Sands Anderson. Ms. Muldowney states that RLG is experiencing "financial hardship" due to the fact that no RLG employees are involved in the case and will receive delayed payment if fees are awarded at the end of litigation. *Id.* at 7. Petitioner's counsel has also indicated she does not intend to seek additional attorneys' fees and costs until the conclusion of this case. *Id.* at 2-3. Because this request is reasonable and RLG is experiencing financial hardship, I find it reasonable to award interim fees at this juncture.

### B.  *Good Faith and Reasonable Basis*

Respondent has not raised any specific objection to the good faith or reasonable basis for this claim and leaves such a determination to my discretion. *See* Fees Resp. I find that the petition was filed in good faith.

As discussed above, the threshold for reasonable basis is a much lower standard than the burden to prove entitlement to compensation by preponderant evidence. In making a reasonable basis determination, I must look at a totality of the circumstances, taking into account the factual basis for the claim and the medical and scientific support offered. Petitioner has filed extensive medical records in this case. Petitioner has also filed a VAERS report with the FDA about his vaccination, which corroborates his claim. Ex. 18. As such, I find that the petition is supported by a reasonable basis.

As there is no other reason to deny the award of interim attorneys' fees and costs, I will award Petitioner's reasonable fees and costs in this matter.

### C.  *Attorneys' Fees*

Petitioner request a total of $6,854.90 in attorneys' fees. Fees App.; Ex. 20.

#### i.  *Reasonable Hourly Rate*

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d

at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner's counsel, Ms. Elizabeth Muldowney, requests that she be compensated $353.00 per hour for work performed in 2017. Fees App. at 9. Petitioner also requests Dr. Ramon Rodriquez be compensated $383.00 per hour for work performed in 2017 and RLG's paralegals be compensated for their work performed on the case at $145.00 per hour for their work in 2017. These rates are consistent with what Ms. Muldowney and Dr. Rodriguez and their associates have previously been awarded. *See Parker v. Sec'y of Health & Human Servs.*, No. 17-917V, 2019 WL 5401018 (Fed. Cl. Spec. Mstr. June 19, 2019); *Heagney v. Sec'y of Health & Human Servs.*, No. 16-601V, 2019 WL 1375931 (Fed. Cl. Spec. Mstr. Mar. 7, 2019); *Zdroik v. Sec'y of Health & Human Servs.,* No. 15-468V, 2017 WL 767852 (Fed. Cl. Spec. Mstr. Feb. 3, 2017); *Musto v. Sec'y of Health & Human Servs.*, No. 11-801V, 2017 WL 1150797 (Fed. Cl. Spec. Mstr. Mar. 2, 2017); *Otto v. Sec'y of Health & Human Servs.*, No. 14-698V, 2017 WL 7051131 (Fed. Cl. Spec. Mstr. Jul. 6, 2017); *Will v. Sec'y of Health & Human Servs.,* No. 16-244V, 2017 WL 7360353 (Fed. Cl. Spec. Mstr. Aug. 3, 2017); *Chynoweth v. Sec'y of Health & Human Servs.*, No. 13-721V, 2017 WL 6892900 (Fed. Cl. Spec. Mstr. Oct. 30, 2017); *Churchwell v. Sec'y of Health & Human Servs.*, No. 14-798V, 2017 WL 4585771 (Fed. Cl. Spec. Mstr. Sept. 12, 2017); *Jones v. Sec'y of Health & Human Servs.*, No. 15-906V, 2017 WL 6816708 (Fed. Cl. Spec. Mstr. Dec. 13, 2017).

Accordingly, I find the requested rates are reasonable and that no adjustment is warranted.

### ii. *Hours Reasonably Expended*

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993).

Petitioner's counsel has provided a breakdown of hours billed and I find the hours to be reasonable. Ex. 20. As such, I award the requested fees in full.

---

[3] The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Total attorneys' fees to be awarded: **$6,854.90**

### D. *Reasonable Costs*

Petitioner requests a total of $307.48 in costs, which includes obtaining medical records and postage costs. Ex. 21. I have reviewed these costs, including supporting documentation, and I find them to be largely reasonable. Documentation for "client postage" has not been provided and thus, will not be compensated. Therefore, I will reduce the amount of costs by **$16.58**.

Total costs to be awarded: **$290.90**

### III. Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fee and cost awards, and based on the foregoing, I **GRANT IN PART** Petitioner's application, as follows:

> A lump sum in the amount of **$7,145.80**, representing reimbursement of Petitioner's interim attorneys' fees and costs, in the form of a check jointly payable to Petitioner and his attorney, Elizabeth Muldowney.

> In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

> Any questions regarding this Order may be directed to my law clerk, Sydney Lee, by email at Sydney_Lee@cfc.uscourts.gov.

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.