# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1450V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * | |
| VAHAN ELOYAN, | * | |
| | * | |
| Petitioner, | * | Special Master Katherine E. Oler |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Filed: July 8, 2024 |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

*Elizabeth Muldowney*, Sands Anderson PC, Richmond, VA, for Petitioner
*Michael Lang*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

**Oler**, Special Master:

On September 21, 2018, Vahan Eloyan ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[2] (the "Vaccine Act" or "Program"). ECF No. 1 ("Pet."). Petitioner alleges he developed transverse myelitis ("TM") as a result of the influenza ("flu") vaccine and the tetanus, diphtheria, acellular pertussis ("Tdap") vaccine he received on December 14, 2015. Pet. at 1. On November 21, 2023,

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

1

I issued a decision dismissing this case because Petitioner had not preponderantly demonstrated that he suffered from TM. ECF No. 76 (hereinafter "Dismissal Decision") at 2.

Petitioner filed a motion for final attorneys' fees and costs on January 8, 2024, requesting a total of $125,935.67. ECF No. 82 (hereinafter "Fees Application"). Respondent responded to the motion on January 9, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the Court "exercise its discretion and determine a reasonable award for attorneys' fees and costs." ECF No. 84 ("Fees Resp.") at 2, 3. Petitioner filed a reply on January 9, 2024. ECF No. 85.

I hereby **GRANT IN PART** Petitioner's application and award a total of **$122,493.67** in attorneys' fees and costs.

### I. Legal Standard

Section 15(e)(1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, although the petition was eventually dismissed, the undersigned finds that the claim possessed good faith and reasonable basis while it was pending before the Court and notes that Respondent has also indicated in his response that he is satisfied both have been met as well. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

#### A. Good Faith

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Such a requirement is a "subjective standard that focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-

2

544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that her claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

### B. Reasonable Basis

Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim. *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *6-7 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Instead, the claim must be supported by objective evidence. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017).

While the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id.* at 286. The Court in *Chuisano* found that a petition which relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis. *Id.* at 290; *see also Turpin v. Sec'y Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney). The Federal Circuit has affirmed that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1346 (Fed. Cir. Aug. 19, 2020) (finding Petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert); *see also James-Cornelius*, 984 F.3d at 1380 (finding that "the lack of an express medical opinion on causation did not by itself negate the claim's reasonable basis.").

Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Chuisano*, 116 Fed. Cl. at 291.

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1).

When determining if a reasonable basis exists, many special masters and judges consider a myriad of factors. The factors to be considered may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the

3

theory of causation." *Amankwaa*, 138 Fed. Cl. at 289. This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

## II.   Discussion

### A.  Good Faith and Reasonable Basis

Respondent has not raised any specific objection to the good faith or reasonable basis for this claim and leaves such a determination to my discretion. *See* Fees Resp. at 2-4. I find that the petition was filed in good faith.

With regard to reasonable basis, an entitlement hearing was held on November 15, 2023. *See* Minute Entry on 11/15/2023. Dr. Salvatore Napoli, a neurologist, testified during the entitlement hearing that Petitioner had transverse myelitis. Although I did not find Dr. Napoli persuasive for purposes of entitlement, this constitutes sufficient evidence to satisfy the reasonable basis standard. *See* Decision Dismissing Petition, ECF No. 76.

### B.  Attorneys' Fees

Petitioner retained Ms. Elizabeth Muldowney to represent him in this matter. *See* Fees App. Petitioner requests a total of $109,903.90 in attorneys' fees. Ex. 64 at 1.

#### 1.   Reasonable Hourly Rate

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

---

[3] The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.
The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.
The 2020 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202020.PPI_OL.pdf
The 2021 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2021-PPI-OL.pdf

Petitioner requests compensation for his attorney, Ms. Muldowney at the following hourly rates: $363.00 per hour for work performed in 2018; $372.00 per hour for work performed in 2019; $388.00 per hour for work performed in 2020; $408.00 per hour for work performed in 2021; $421.00 per hour for work performed in 2022; $450.00 per hour for work performed in 2023 and 2024. Fees App. at 8 at 2.

Petitioner also requests compensation for paralegals ranging from $149-186 per hour for work performed from 2018-2024, and for Mr. Ramon Rodriguez, another attorney at the Sands Anderson firm, at the following hourly rates: $405.00 per hour for work performed in 2019; $444.00 per hour for work performed in 2021. Fees App. at 8 at 2. The Sands Anderson firm has been previously awarded their 2018-2024 rates by other Special Masters. *See, e.g.*, *Coleman v. Sec'y of Health & Hum. Servs.*, No. 19-1476V, 2024 WL 945845 (Fed. Cl. Spec. Mstr. Jan. 31, 2024); *Mattus-Lang v. Sec'y of Health & Hum. Servs.*, No. 15-113V, 2023 WL 8518186 (Fed. Cl. Spec. Mstr. Oct. 28, 2023). Accordingly, I will award the Sands Anderson firm their requested hourly rates.

### 2. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). Petitioner bears the burden of establishing that the rates charged, hours expended, and costs incurred are reasonable. *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1993). However, special masters may reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 318 (Fed. Cl. 2008), *aff'd* No. 99-573V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may look to their experience and judgment to reduce an award of fees and costs to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Hum.*

---

The 2022 Fee Schedule can be accessed at: https://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27-Forum-Rate-Fee-Schedule-2022-%28Final%29.pdf.

The 2023 Fee Schedule can be accessed at: https://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2023.pdf

The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

*Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). It is within a special master's discretion to instead make a global reduction to the total amount of fees requested. *See Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("special masters have wide latitude in determining the reasonableness of both attorneys' fees and costs"); *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153 (Fed. Cl. Spec. Mstr. July 25, 2011), *mot. for rev. denied*, 2011 WL 6292218, at *13 (Fed. Cl. 2011) (denying review of the special master's decision and endorsing "a global – rather than line-by-line – approach to determine the reasonable number of hours expended in this case").

Petitioner's counsel has provided a breakdown of hours billed. I find the hours to be largely reasonable but a deduction is necessary for administrative tasks performed by paralegals, such as: "format exhibits," "draft notice of filing exhibits," and "finalize exhibit."[4] *See* Ex. 64. Billing for administrative tasks is not appropriate, and the Sands Anderson firm has been warned of this practice before. *See, e.g.*, *Coleman v. Sec'y of Health & Hum. Servs.*, No 19-1476V, 2024 WL 945845 (Fed. Cl. Spec. Mstr. Jan. 31, 2024) (applying a deduction of $1,000.00 for administrative tasks); *Guerrero v. Sec'y of Health & Human Servs.*, No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in nonrelevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016). I apply a $1,000.00 deduction to offset the billing of administrative tasks performed by different paralegals over a number of years.

I award Petitioner a total of $108,903.90 in attorneys' fees.

### C. Reasonable Costs

Petitioner requests a total of $16,031.77 in attorneys' costs: $2,108.45 for medical record requests; $9,200.00 for Dr. Salvatore Napoli's reports and entitlement hearing testimony; $1,225.00 for a consultation with Dr. David Wilson; $20.00 for medical literature; $78.04 for mail and postage; $10.00 for binders; $442.00 for CDs; $10.00 for outgoing telecopier expenses; $10.85 for long distance calls; $2,527.43 for copies; and $400.00 for the Court's filing fee. *See* Ex. 63. Petitioner provided documentation the medical record requests and medical literature. *See id.* I will grant Petitioner's binder, long distance calls costs, outgoing telecopier expenses, mail and postage costs as these seem reasonable and related to normal business activities. I discuss the other costs below.

#### 1. Petitioner's Expert Costs for Salvatore Napoli, M.D.

Petitioner requests $9,200.00 for Dr. Napoli's work on this case, reflecting 18 hours of work at $400.00 per hour. This includes the time that Dr. Napoli spent drafting two expert reports and testifying at the entitlement hearing. Dr. Napoli has previously been awarded his requested hourly rate and I see no reason to disturb this request. *See, e.g.*, *Winkelstein v. Sec'y of Health & Hum. Servs.*, No. 19-815V, 2022 WL 21309767 (Fed. Cl. Spec. Mstr. Sep. 19, 2022); *Wentland v. Sec'y v. Sec'y of Health & Hum. Servs.*, No. 18-1308V, 2022 WL 3153263 (Fed. Cl. Spec. Mstr. July 22,

---

[4] *See, e.g.*, entries on 9/7/2018, 9/13/2018, 8/10/2020, 10/29/2020 (4), 10/30/2020, 8/30/2021, 5/16/2023 (2), 9/29/2023 (2), 10/27/2023 (2), 1/3/2024.

2022); *Heddens v. Sec'y of Health & Human Servs.,* No. 15-734V, 2019 WL 5791266 (Fed. Cl. Spec. Mstr. Oct. 24, 2019). Further, the number of hours he worked on this case appears to be reasonable.

Three invoices were submitted by Dr. Napoli with no dates. *See* Ex. 63 at 23, 33, 39-40. The first invoice is for a $2,000.00 retainer; the second invoice is for 10 hours of work performed to complete two expert reports; and a third invoice, which was a duplicate of the second invoice, but also included eight hours of testimony during the entitlement hearing. This totals 18 hours of work performed by Dr. Napoli, or $7,200.00. Counsel's cost log has two $2,000.00 payments to Dr. Napoli and one $5,200.00 payment to Dr. Napoli, totaling $9,200.00. As Dr. Napoli's invoices only detail 18 hours of work, I will award $7,200.00 for Dr. Napoli's expert costs.

### 2. Petitioner's Expert Costs for David Wilson, M.D.

Petitioner requests $1,225.00[5] for a consultation with Dr. Wilson, totaling 2.75 hours at an hourly rate of $500.00 per hour. Ex. 63 at 27. Dr. Wilson has previously been awarded his requested hourly rate. *See, e.g.*, *Gudaitis v. Sec'y of Health & Hum. Servs.*, No. 17-1570V, 2023 WL 4638430 (Fed. Cl. Spec. Mstr. June 29, 2023). The hours performed by Dr. Wilson seem reasonable, thus I award his requested expert costs in full.

### 3. Other miscellaneous costs

Petitioner requests $442.00 for CDs but has provided no documentation to substantiate this request. The docket notes that only one CD was filed in this case and even if Petitioner's counsel made multiple copies of the CD to submit, this cost seems unreasonable without additional documentation. I hereby deny this cost and warn Ms. Muldowney that additional documentation will be required for reimbursement in future cases. I also note that although Petitioner's expenditures for copying expenses seem high, I will award them at this time.

I award Petitioner a total of **$13,589.77** in attorneys' costs.

### III. Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of fee and cost awards, and based on the foregoing, I **GRANT IN PART** Petitioner's application, as follows:

- A lump sum in the amount of **$122,493.67**, representing reimbursement of Petitioner's attorneys' fees and costs in the form of a check jointly payable to Petitioner and his attorney, Ms. Elizabeth Muldowney.

---

[5] Dr. Wilson's invoice for 2.75 hours of work performed at an hourly rate of $500.00 per hour totals $1,375.00, yet the invoice balance is $1,225.00. Because $1,225.00 was paid to Dr. Wilson, that is the amount I will award.

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[6]

      **IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.